UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY,<br><br>          Plaintiff,<br><br>v.<br><br>VASQUEZ MARSHALL ARCHITECTS et al.,<br><br>          Defendants. | Case No.: 19-CV-1173-CAB-NLS<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND**<br><br>[Doc. Nos. 16, 17] |

   Before the Court are Defendant Vasquez Marshall Architects' and Defendant BDS Engineering, Inc.'s (collectively "Defendants") motions to dismiss Plaintiff's complaint based on identical grounds. [Doc. Nos. 16, 17.] Plaintiff filed a consolidated opposition to both motions [Doc. No. 19], and Defendants replied. [Doc. Nos. 20, 21.] The Court deems them suitable for determination on the papers submitted and without oral argument. *See* S.D. Cal. CivLR 7.1(d)(1). For the reasons set forth below, the Court grants Defendants' motions to dismiss with leave to amend.

## I.  BACKGROUND

   Plaintiff Great American Insurance Company ("GAIC") filed a complaint against Defendants Vasquez Marshall Architects ("VMA") and BDS Engineering, Inc. ("BDS")

on June 21, 2019.  [Doc. No. 1.]  The complaint alleges five claims for: (1) breach of contract; (2) breach of express warranty; (3) breach of professional duty/negligence/gross negligence; (4) negligent misrepresentation; and (5) breach of implied warranty.  [*Id*. at ¶¶ 46–71.[1]]

Plaintiff alleges that on September 30, 2014, non-party K.O.O. Construction, Inc. entered into a design/build contract with the Navy for the Close Quarters Dynamic Shooting Facility Project at Camp Michael Monsoor in Pine Valley, California.  [*Id*. at ¶ 9.]  K.O.O. Construction then entered into a subcontract for the architectural and civil engineering portion of the work with Defendant VMA and Defendant VMA hired Defendant BDS.  [*Id*. at ¶¶ 14–19.]  Essentially, the complaint alleges that Defendants held themselves out as capable of meeting the expectations of the contract which did not allow for any significant off-site borrow material to be brought on-site or on-site material to be taken off-site (a "balanced site") but failed to meet said expectations.  [*Id*. at ¶¶ 14–71.]  According to the complaint, K.O.O. Construction assigned to Plaintiff all of the claims that are the subject matter of this complaint and Plaintiff paid for the damages suffered as a result of Defendants' breach.  [*Id*. at ¶ 3.]

## II.    REQUEST FOR JUDICIAL NOTICE

Federal Rule of Evidence 201 provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . is generally known within the trial court's territorial jurisdiction; or . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  FED. R. EVID. 201(b).  "[U]nder Fed. R. Evid. 201, a court may take judicial notice of 'matters of public record.'"  *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (quoting *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)).

Defendants ask the Court to take judicial notice of K.O.O. Construction's certificate

---

[1] Document numbers and page references are to those assigned by CM/ECF for the docket entry.

of status and contractor's license, as well as a California Court of Appeals opinion. [Doc. Nos. 16-2, 17-2.] Plaintiff has not opposed and therefore Defendants' requests for judicial notice are granted.

## III. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). On the other hand, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001) ("Conclusory allegations of law are insufficient to defeat a motion to dismiss"). Nor is the Court "required to accept as true allegations that contradict exhibits attached to the Complaint or . . . allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

When resolving a motion to dismiss for failure to state a claim, courts may not generally consider materials outside the pleadings. *See Schneider v. Cal. Dep't of Corrs.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998); *Jacobellis v. State Farm Fire & Cas. Co.*, 120 F.3d 171, 172 (9th Cir. 1997); *Allarcom Pay Television Ltd. v. Gen. Instrument Corp.*, 69 F.3d 381, 385 (9th Cir. 1995). "The focus of any Rule12(b)(6) dismissal . . . is the complaint." *Schneider*, 151 F.3d at 1197 n.1. "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Generally, when dismissing a complaint for failure to state a claim, the court should

deny opportunity to amend only if amendment would be futile.  *See Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988) (dismissal without leave to amend is appropriate if amendment "could not possibly cure the deficiency"), amended, 856 F.2d 111 (9th Cir. 1988).

## IV.   DISCUSSION

Defendants contend: (1) Plaintiff lacks standing because the complaint failed to demonstrate a valid and effective assignment; (2) Plaintiff lacks capacity to sue because K.O.O. Construction is a suspended corporation; and (3) the complaint fails to demonstrate sufficient grounds for punitive damages.  The Court addresses each of Defendants' arguments in turn.

### A.   Standing

As a threshold matter, Defendants contend Plaintiff lacks standing because the complaint fails to describe or attach any evidence or documentation of a valid assignment. [Doc. No. 16 at 12–14; Doc. No. 17-1 at 8–9.]

"While no particular form of assignment is necessary, the assignment, to be effectual, must be a manifestation to another person by the owner of the right indicating his intention to transfer, without further action or manifestation of intention, the right to such other person, or to a third person." *Cockerell v. Title Ins. & Trust Co.*, 42 Cal. 2d 284, 291 (1954).  "If from the entire transaction and the conduct of the parties it clearly appears that the intent of the parties was to pass title to the chose in action, then an assignment will be held to have taken place." *McCown v. Spencer*, 8 Cal. App. 3d 216, 225 (1970) (citations omitted).  The burden of proving an assignment "falls upon the party asserting rights thereunder." *Cockerell*, 42 Cal. 2d at 292.  Further, "[i]n an action by an assignee to enforce an assigned right, the evidence must not only be sufficient to establish the fact of assignment when that fact is in issue, but the measure of sufficiency requires that the evidence of assignment be clear and positive to protect an obligor from any further claim by the primary oblige."  *Id*. (citations omitted); *see also Neptune Soc'y Corp. v. Longanecker*, 194 Cal. App. 3d 1233, 1242 (1987).

Here, Plaintiff has failed to meet its burden of sufficiently proving the assignment in its complaint. In the complaint, Plaintiff merely asserts, "Non-party KOO has assigned to GAIC all of the claims that are the subject matter of this Complaint. GAIC is the owner of all the claims that are the subject of the Complaint and GAIC is the proper Plaintiff in this action." [Doc. No. 1 at ¶ 3.] The "Agreement of Indemnity" Plaintiff cites to in its opposition is neither attached to nor described in the complaint.

Further, as Defendants point out, the "Agreement of Indemnity" is conditional and expressly states that assignment becomes effective only upon the occurrence of one of six enumerated events. [Doc. No. 19-2 at 3–4.] Consequently, Plaintiff must sufficiently establish the assignment and demonstrate the occurrence of such an event to prove the assignment became effective. Plaintiff's conclusory statement in its complaint, without more, does not constitute a 'clear and positive' evidence of assignment.

"The focus of any Rule 12(b)(6) dismissal-both in the trial court and on appeal-is the complaint." *Schneider*, 151 F.3d at 1197 n.1; *see also Bastida v. Nat'l Holdings Corp.*, Case No. C16-388RSL, 2016 WL 4250135, at *1 (W.D. Wash. Aug. 4, 2016) ("Plaintiffs cannot save a deficient complaint from dismissal by alleging new facts in an opposition brief or otherwise relying on documents outside the pleadings."); *Gerritsen v. Warner Bros. Ent'mt. Inc.*, 112 F. Supp. 3d 1011, 1033 n.93 (C.D. Cal. 2015). Facts raised for the first time in plaintiff's opposition papers should be considered by the court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice. *See Orion Tire Corp. v. Goodyear Tire & Rubber Co.*, 268 F.3d 1133, 1137–38 (9th Cir. 2001).

Accordingly, Plaintiff has not demonstrated a valid assignment to assert its claims against Defendants but has raised facts in its opposition that suggest to the Court it should allow Plaintiff leave to amend. Therefore, Plaintiff's complaint is dismissed with leave to amend to adequately demonstrate with sufficient evidence a valid assignment that became effective upon the occurrence of a required event.

## B. Capacity to Sue

Defendants initially alleged that Plaintiff lacks capacity to sue because K.O.O.

Construction is a suspended corporation and Plaintiff's claims are based upon rights allegedly assigned by K.O.O. Construction. [Doc. No. 16 at 14–15; Doc. No. 17-1 at 9–10.] However, it appears from Defendants' reply briefs that Defendants are now satisfied with Plaintiff's explanation in its opposition that at the time of the alleged assignment K.O.O. Construction was a valid certified corporation and the temporary suspension has since been cured as of August 7, 2019. Accordingly, Plaintiff does not lack capacity to sue.

## C. Punitive Damages

Lastly, Defendants contend that Plaintiff has not alleged any cause of action or basis for punitive damages and that even if it had, a right to recover punitive damages is not assignable. [Doc. No. 16 at 15–20; Doc. No. 17-1 at 11–14.] The Court will first address whether a right to recover punitive damages is assignable before determining whether Plaintiff has sufficiently alleged a right to recover punitive damages.

### 1. Assignment of the Punitive Damages Claim

California law authorizes exemplary damages "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice," in addition to actual damages. Cal. Civ. Code § 3294. California recognizes that punitive damages are not assignable if they arise from a *purely personal tort action*. *See Murphy v. Allstate Ins. Co.*, 17 Cal. 3d 937, 942 (1976) (emphasis added). Nevertheless, "whether punitive damages may be assigned does not rely on the nature of the relief, instead it relies upon the nature of the cause of action it is brought under." *Diehl v. Starbucks Corp.*, No. CV 12–02432 AJB, 2014 WL 295468, at *12 (S.D. Cal. Jan. 27, 2014).

Defendants assert *Murphy* held that claims for punitive damages are not assignable even when the underlying claim may be assigned. The Court finds the analysis of *Murphy* by *Diehl* applicable here:

> "*Murphy* involved an assignment of a cause of action against an insurer for a breach of the duty to settle. *Murphy*, 17 Cal. 3d at 941. When a carrier breaches the duty to settle, the injured insured is allowed to recover, among other damages, emotional distress and punitive damages suffered from the

defendant's tortious breach. *Id*. at 942. The *Murphy* Court took note that part of the damages recoverable from a breach of the duty to settle arises from the "*personal tort aspect* of the bad faith cause of action." *Id*. (emphasis added) (citing *Crisci v. Security Ins. Co.*, 66 Cal. 2d 425, which discusses the injury of mental and emotional suffering.) Because that tort was purely personal and thus unassignable, the same would be true for the emotional distress and the punitive damages permitted by that tort. *See Schlauch v. Hartford Accident & Indem. Co*, 146 Cal. App. 3d 926, 931 (1983) (finding an insured may assign the breach of contract aspect of the bad faith claim but not the tort aspect). So in actuality, the issue before the *Murphy* Court was the assignability of a particular claim, not the assignability of a particular remedy. *Murphy* declared punitive damages unassignable because the underlying action was unassignable. It would then appear that whether punitive damages may be assigned does not rely on the nature of the relief, instead it relies upon the nature of the cause of action it is brought under."

*Diehl*, 2014 WL 295468, at *12.

Likewise, the Court does not agree with Defendants' characterization of *Murphy*, and "does not find *Murphy* to establish a blanket rule precluding the assignment of punitive damages in any and all actions." *Id*. at *14. Similar to *Diehl*, here this Court "is not dealing with . . . a 'purely personal' tortious breach." *Id*. at *13.

Accordingly, in the instant action, Plaintiff is not attempting to recover punitive damages for a purely personal tort action, and therefore assignment of a right to recover punitive damages is not precluded. However, Plaintiff must still adequately plead the requisite elements to warrant a sufficient claim for punitive damages.

### 2. Sufficiency of Plaintiff's Punitive Damages Claim

To recover punitive damages in California, one must show by clear and convincing evidence "that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294(a). In *Diehl*, the court demonstrated that punitive damages for intentional misrepresentation were assignable, but the plaintiff's allegations were too conclusory to render a claim sufficiently pled. *Id*. at *14. Pursuant to Cal. Civ. Code § 3294: "(1) 'Malice' means conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious

disregard of the rights or safety of others. (2) 'Oppression' means despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights. (3) 'Fraud' means an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury." Cal. Civ. Code § 3294.

Here, Plaintiff alleges under its claim for breach of professional duty/negligence/gross negligence, "Upon information and belief, VMA and BDS were also grossly negligent and/or recklessly breached their duties to the Plaintiff, entitling the Plaintiff to an award of damages and for an award of punitive damages against VMA and BDS." [Doc. No. 1 at ¶ 61.] Plaintiff has not alleged sufficient facts to support an inference of malice, oppression, or fraud on the part of Defendants.

Accordingly, Plaintiff has failed to sufficiently plead a claim to recover punitive damages but has raised facts in its opposition that suggest to the Court it should allow leave to amend. Therefore, Plaintiff's claim to recover punitive damages is dismissed with leave to amend to sufficiently plead malice, oppression, or fraud on the part of Defendants.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motions to dismiss the complaint [Doc. No. 16, 17], with leave to amend the deficiencies identified above.

Plaintiff shall file an amended complaint by **September 27, 2019**. Failure to do so will result in a final judgment of dismissal. Defendants must respond to any amended complaint within the time required by the applicable rules.

It is **SO ORDERED**.

Dated: September 6, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge