UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>VASQUEZ MARSHALL ARCHITECTS et al.,<br><br>Defendants. | Case No.: 19-CV-1173-CAB-AHG<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S FOURTH CAUSE OF ACTION AND REQUEST FOR PUNITIVE DAMAGES**<br><br>[Doc. Nos. 24, 26] |

Before the Court are Defendant Vasquez Marshall Architects' and Defendant BDS Engineering, Inc.'s (collectively "Defendants") motions to dismiss Plaintiff's fourth cause of action and request for punitive damages. [Doc. Nos. 24, 26.] The Court deems them suitable for determination on the papers submitted and without oral argument. *See* S.D. Cal. CivLR 7.1(d)(1). For the reasons set forth below, the Court grants Defendants' motions to dismiss Plaintiff's fourth cause of action and request for punitive damages.

## I. BACKGROUND[1]

On September 30, 2014, KOO Construction, Inc. ("KOO") entered into a design/build contract (the "Prime Contract") with the Navy for the P-888 Close Quarters Dynamic Shooting Facility at Camp Michael Mansoor in Pine Valley, California (the "Project"). [Doc. No. 23 at ¶ 21.[2]] KOO assigned to Plaintiff Great American Insurance Company ("GAIC") all of its claims referenced in Plaintiff's First Amended Complaint ("FAC"). [*Id.* at ¶ 3.]

According to the FAC, when KOO prepared its bid for the Prime Contract it entered into conversations with its architectural and engineering consultants, Defendant Vasquez Marshall Architects ("VMA"). [*Id.* at ¶ 22.] KOO discussed with VMA that the Project would be a "balanced site," where all the excavated materials removed from the "cut" areas could be accommodated after compaction in the "fill" areas. [*Id.*] To achieve this, Defendant VMA hired Defendant BDS Engineering, Inc. ("BDS") as the civil engineer. [*Id.*] Plaintiff relied on Defendants' representations that no additional borrow material would be needed to complete the final grading of the Project and entered into a grading subcontract with Civil Prime General Engineering ("Civil Prime") for the final grading. [*Id.* at ¶¶ 43–46.] In February 2018, Civil Prime reported that the fill areas at a major portion of the project were over 13,000 cubic yards short of fill. [*Id.* at ¶ 50.] Plaintiff reported this shortage to Defendants and requested an investigation with regard to the shortage of fill. [*Id.* at ¶ 51.] More than three months after discovery of the shortage, BDS revealed to Plaintiff that no shrinkage factor was used in their calculations. [*Id.* at ¶ 53.] According to Plaintiff, Defendants deliberately remained silent during the three-to-four-month investigation period about failing to apply any shrinkage factor which led to extended delays in completing critical grading operations and cost Plaintiff $726,042.91 in

---

[1] The facts herein are derived from Plaintiff's First Amended Complaint. [Doc. No. 23.] The Court is not making any findings of fact, but rather summarizing the relevant allegations of Plaintiff's complaint.

[2] Document numbers and page references are to those assigned by CM/ECF for the docket entry.

order to bring in additional suitable material for final grading of the Project. [*Id*. at ¶¶ 54–60.]

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). On the other hand, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001) ("Conclusory allegations of law are insufficient to defeat a motion to dismiss"). Nor is the Court "required to accept as true allegations that contradict exhibits attached to the Complaint or . . . allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

When resolving a motion to dismiss for failure to state a claim, courts may not generally consider materials outside the pleadings. *See Schneider v. Cal. Dep't of Corrs.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998); *Jacobellis v. State Farm Fire & Cas. Co.*, 120 F.3d 171, 172 (9th Cir. 1997); *Allarcom Pay Television Ltd. v. Gen. Instrument Corp.*, 69 F.3d 381, 385 (9th Cir. 1995). "The focus of any Rule12(b)(6) dismissal . . . is the complaint." *Schneider*, 151 F.3d at 1197 n.1. "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Generally, when dismissing a complaint for failure to state a claim, the court should deny opportunity to amend only if amendment would be futile. *See Albrecht v. Lund*, 845

F.2d 193, 195 (9th Cir. 1988) (dismissal without leave to amend is appropriate if amendment "could not possibly cure the deficiency"), amended, 856 F.2d 111 (9th Cir. 1988).

### III. DISCUSSION

Defendants move to dismiss Plaintiff's fourth cause of action and request for punitive damages for exceeding the Court's Order granting leave to amend and for failure to sufficiently plead a punitive damages claim. In opposition, Plaintiff contends it modified its fourth cause of action within the scope of the Court's Order in order to sufficiently plead fraud.

#### A. Scope of Court's Order Granting Leave to Amend

Plaintiff amended its fourth cause of action to allege Misrepresentation, Concealment of Superior Information, and Deceit. [Doc. No. 23 at ¶¶ 82–94.] The Court does not find Plaintiff's amendment to be outside of the scope of the Court's Order granting leave to amend as Defendants suggest. Plaintiff's amendment relates to the same set of facts and conduct set forth or attempted to be set forth in Plaintiff's original complaint and the Court's Order granting leave to amend did not foreclose amending any cause of action to "sufficiently plead malice, oppression, or fraud." [Doc. No. 22 at 8.] Under the amended cause of action, Plaintiff seeks an award of punitive damages against Defendants for essentially a fraudulent concealment.

#### B. Fraudulent Concealment and Request for Punitive Damages

California law authorizes exemplary damages "in an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice," in addition to actual damages. Cal. Civ. Code § 3294. "The elements of an action for fraud and deceit based on concealment are: (1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not

have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage." *Blickman Turkus LP v. MF Downtown Sunnyvale*, 162 Cal.App.4th 858, 868 (2008) (internal quotations, citations, and alterations omitted). "It is not enough that the misstatement (or concealment) actually harmed the plaintiff; it must have been made by the defendant with the intent to induce action (or inaction) by the plaintiff." *Id*. at 869.

Here, Plaintiff alleges that Defendants remained silent as to the fact that they did not consider any shrinkage factor in determining the quantities and final grades for achieving a "balanced site." Plaintiff alleges that by their silence, Defendants acted deceitfully and maliciously when they had a duty to speak, unnecessarily delaying completion of the Project and resulting in significant cost to Plaintiff in order to complete the Project. Plaintiff has not alleged any facts that lead to a reasonable inference that Defendants *intentionally* concealed or suppressed the fact that no shrinkage factor was utilized *with the intent* to defraud Plaintiff, or that Defendants *intended* to induce action or inaction. While Plaintiff's allegations could support a reasonable inference of negligence, Plaintiff's conclusory allegations that Defendants acted "deceitfully and maliciously" are insufficient to infer a fraudulent concealment or any other basis of fraud to support its request for punitive damages.

Accordingly, Plaintiff's fourth cause of action and request for punitive damages are **DISMISSED**. However, should such facts arise over the course of diligent discovery that would provide Plaintiff with the ability to plead a factual basis of Defendants' intent to support a sufficient fraud claim, Plaintiff may move for leave to amend to add a fraud claim and request for punitive damages at the appropriate time.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motions to dismiss Plaintiff's fourth cause of action and request for punitive damages. Plaintiff may move to amend to include a fraud claim and request for punitive damages should facts develop over the course of discovery that would allow them to plead to the extent required by relevant law.

It is **SO ORDERED**.

Dated: November 5, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge