UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY,<br><br>                                  Plaintiff,<br><br>v.<br><br>VASQUEZ MARSHALL ARCHITECTS and BDS ENGINEERING, INC.,<br><br>                                  Defendants. | Case No.: 3:19-cv-1173-CAB-AHG<br><br>**ORDER GRANTING JOINT MOTION FOR ORDER ON STIPULATED REMOTE DEPOSITIONS PROTOCOL**<br><br>**[ECF No. 50]** |

Before the Court is the parties' Joint Motion for Order on Stipulated Remote Depositions Protocol. ECF No. 50. Having reviewed the motion and the parties' proposed remote depositions protocol, the Court **GRANTS** the motion. Accordingly, the Court enters the following Stipulated Remote Depositions Protocol exactly as submitted by the parties:

Pursuant to Rules 1, 29, and 30(b)(4) of the Federal Rules of Civil Procedure ("FRCP"), the parties have stipulated to a protocol for conducting remote depositions in this case and have requested an order thereon. FRCP 30(b)(4) states "[t]he parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means." FRCP Rule 30(b)(3) permits deposition testimony to "be recorded by audio, audiovisual, or stenographic means." FRCP 29(a) further provides that, "[u]nless the court orders otherwise, the parties may stipulate that: . . . a deposition may be taken before any person, at any time or place, on any notice, and in the manner specified—in which event it may be used in the same way as any other deposition."

In light of the ongoing COVID-19 pandemic, and considering this Court's Order dated May 27, 2020 amending the Scheduling Order (ECF No. 49), the Court finds good cause to enter the requested order. *See Sinceno v. Riverside Church in the City of N.Y.*, 2020 U.S. Dist. LEXIS 47859, at *1 (S.D.N.Y Mar. 18, 2020) (approving all depositions being taken by "telephone, videoconference, or other remote means" in view of the COVID-19 pandemic); *see also Pearlstein v. Blackberry Ltd.*, 2020 U.S. Dist. LEXIS 47032, at *2-3 (S.D.N.Y. Mar. 16, 2020) (same); *Thomas v. Wallace, Rush, Schmidt, Inc.*, 2020 U.S. Dist. LEXIS 46925, at *6 (M.D. La. Mar. 18, 2020) (same); *De Lench v. Archie*, 2020 U.S. Dist. LEXIS 58049, at *6 (D. Mass. Apr. 2, 2020) ("In light of the current coronavirus pandemic, the Court encourages the parties to avail themselves of video technology for meetings, depositions, and other communication and interactions arising in the discovery process.").

Accordingly, **IT IS HEREBY ORDERED**:

1. This Order shall govern all depositions taken by Remote Means in the this action. For purposes of this Order, "Remote Means" refers to the taking of depositions through use of a video-conferencing platform that allows for the deponent, the deponent's counsel, plaintiffs' counsel, defendants' counsel, the court reporter, and videographer (if applicable) to participate in the deposition without attending the deposition in-person.

2. This Order applies to depositions of witnesses ("deponents") to be taken by

Remote Means, including parties, party-affiliated witnesses, non-party witnesses under FRCP 45, and expert witnesses. The party noticing any nonparty deposition shall provide this Order to the nonparty deponent or nonparty deponent's counsel (if known) within a reasonable time before the date of the deposition. Where nonparty depositions were subpoenaed before entry of this Order, this Order shall be provided promptly to such nonparty deponent or its counsel (if known).

3. Pursuant to FRCP 29(a) and 30(b)(4), counsel for the party requesting a deposition may notice or subpoena the deposition of any witness to occur by Remote Means.

4. The Parties have agreed to use Magna Legal Services (hereafter "Magna") for court reporting, remote videoconferencing using Magna's LegalVision platform, and related services such as real-time transcription or videography.

5. Defendant BDS having scheduled the first deposition that will occur by Remote Means, counsel for BDS shall promptly provide Magna with a copy of this Order.

6. Counsel for the party noticing a deposition via Remote Means shall be responsible for providing the deponent, the deponent's counsel, and counsel for each party with the video-conference link, password, audio dial-in number, and any other related information needed to connect to the deposition. All participants shall connect to the deposition sufficiently in advance of the deposition so it may proceed at the noticed time.

7. All Parties and their counsel are responsible for assuring they and any party-affiliated deponents understand and have sufficient technology, equipment, and internet connections to participate in depositions by Remote Means.

8. The Parties agree to work collaboratively and in good faith with Magna Legal Services to assess each deponent's technological abilities and to troubleshoot any issues in advance of the deposition so any adjustments can be made.  If a deponent does not have access to an appropriate space, or to the proper software, hardware, or other equipment to attend a deposition by video conference, the deponent shall notify counsel for the party who noticed the deposition at least three days in advance of the deposition.  Counsel for

the party noticing the deposition shall then confer and cooperate with the deponent or deponent's counsel to ensure the deponent has technology sufficient to attend the deposition via Remote Means. Any party may object to a deposition occurring by Remote Means if the deponent is unable to secure the technology required.

9. For depositions that are video-recorded, consistent with FRCP 30(b)(5)(A), the videographer shall begin the deposition with an on-the-record statement that includes: (i) the officer's name and company affiliation; (ii) the date, time, and place of the deposition; (iii) the deponent's name; (iv) the officer's administration of the oath or affirmation to the deponent; and (v) the identity of all persons present.

10. For depositions that are video-recorded, consistent with FRCP 30(b)(5)(B), the videographer also shall begin each segment of the remote deposition by reciting (i) the officer's name and business address; (ii) the date, time, and place of the deposition; and (iii) the deponent's name.

11. All depositions taken by Remote Means shall be recorded by stenographic means consistent with FRCP 30(b)(3), but in light of the COVID-19 pandemic, the court reporter need not be physically present with the deponent. The Parties have waived any challenge the validity of any oath administered by the court reporter, even if the court reporter is not a notary public in the state where the deponent resides.

12. The court reporter shall record the testimony stenographically, and the court reporter's transcript shall constitute the official record. If the deposition is video-recorded, the videographer shall preserve the video recording. The court reporter may be given a copy of the video-recording and may review the video-recording to improve the accuracy of any written transcript.

13. The court reporter shall be deemed an "Officer" as defined by FRCP 28(a)(2) and shall be permitted to administer the oath to the witness via the videoconference. In accordance with FRCP 28(c), the designated "Officer" shall not be "any party's relative, employee, or attorney, related to or employed by any party's attorney, or financially interested in the action." Consistent with FRCP 32(d)(2), the Parties have waived any and

all objections to the qualifications of the Officer before whom the deposition is taken, including any objection under FRCP 30(b)(5)(A), so long as the Officer is a certified court reporter, or holds a substantially similar designation, under the laws of a state.

14. All persons attending depositions ("participants") shall ensure their participation in the deposition is conducted in a space that is relatively free from distractions that would inhibit the course of the deposition. All participants other than the deponent, the deponent's attorney, the court reporter, and the deposing attorney shall set their audio connection to mute to avoid unintentional noise.

15. An administrator representative from Magna Legal Services may attend a remote deposition, or portions thereof, to troubleshoot or aid in resolving any technological issues that arise. The Parties shall work collaboratively to address any technological issues that arise during a deposition and to make such provisions as are reasonable under the circumstances to address such issues. This provision shall not be interpreted to require that a deposition proceed if the deponent cannot hear or understand the other participants or where the participants cannot hear or understand the deponent. If technical issues prevent the court reporter from reliably hearing or transcribing the testimony at any deposition taken via Remote Means and such technical issue cannot be remedied in a timely manner, the deponent or deponent's counsel and counsel for the Parties shall meet, confer, and cooperate to reschedule the deposition.

16. To the extent a witness produces documents in connection with the deposition or brings documents to the deposition that any party wishes to have marked as exhibits, the witness shall email full and complete copies of the documents or email a link to an electronic folder containing the documents to the court reporter and the parties' counsel at least one day in advance of the deposition.

17. Pursuant to FRCP 30(f)(2), counsel shall be responsible for ensuring that any exhibits they wish to mark and use at the deposition can be shown to the deponent in a manner that enables the deponent and other participants to review the exhibits during the deposition. Counsel may use any combination of the following means for marking and

using deposition exhibits:

    (A)    sending exhibits that may be used, in advance of the deposition, to the deponent or its counsel, to counsel for each party, and to the court reporter by email or by email link to a dropbox or Sharefile folder, or by sending hardcopies of the exhibits or a thumbdrive containing electronic copies of the exhibits via FedEx, U.S. Postal Service, UPS, or other delivery service; or

    (B)    using a platform, such as Magna LegalVision, that enables counsel during the course of the deposition to transmit and display exhibits electronically to the deponent, the deponent's counsel, plaintiff's counsel, defendants' counsel, the court reporter, and the videographer (if applicable); or

    (C)    such other method or combination of methods to which the Parties may agree.

To avoid excessive delay during a deposition, counsel are encouraged to send or identify in advance, any particularly large files or voluminous exhibits that may be used.

18.    The deponent, deponent's counsel, court reporter, and counsel for the Parties each shall participate in the videoconference deposition remotely, and each person attending a deposition shall be visible to all other participants. The deponent shall position his or her webcam or video camera to provide a wide angle sufficient to capture his or her hand and other movements, and to provide a clear picture of the deponent. If the deponent and the deponent's counsel are located in the same room or within the same office, separate webcams or video cameras shall show the deponent and the deponent's attorney.

19.    No person shall initiate any private communication with the deponent while a question in pending, including through text message, electronic mail, or chat feature in the videoconferencing platform, except that the deponent's counsel may privately communicate with the deponent for the purpose of determining whether a privilege should be asserted.

20.    During breaks in the deposition, participants may confer privately, including by phone, text message, electronic mail, or through use of a virtual breakout room feature

provided through the video-conference platform.  Conversations in virtual breakout rooms shall not be recorded.  Participants are encouraged, however, to hold privileged conversations outside of the audio or video captured by the video-conferencing platform.

21. The Party that notices a deposition shall be responsible for procuring the official written transcript and video record (if applicable) of the deposition. Other Parties shall bear their own costs to obtain certified transcript and/or video record of the deposition.

22. Transcripts of remote depositions taken in this action may be used in motions, hearings, or trial to the same extent that an in-person deposition may be used.  Any video record of a remote deposition will be inadmissible at trial unless the deposition was noticed as a video deposition.  The parties have waived objections to the use or admissibility of a transcript or video record of a deposition to the extent such objections are based on the fact that the deposition was taken by Remote Means. All other objections to the use of any deposition testimony in motions, hearings, or trial are reserved.

23. Unless otherwise stated, this Order is not intended to alter, expand, or limit the applicable Federal Rules of Civil Procedure, Federal Rules of Evidence, and/or court orders.  This Order may be modified by the Court.

**IT IS SO ORDERED.**

Dated:  June 4, 2020

_____
Honorable Allison H. Goddard
United States Magistrate Judge